# United States Tax Court

T.C. Memo. 2025-57

MICHAEL AUSTIN FRENCH AND DAWN MICHELLE FRENCH,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 20225-23.　　　　　　　　　　　　　Filed June 4, 2025.

————

Michael Austin French and Dawn Michelle French, pro sese.

*Joseph L. Damele*, *Joy Nnama*, *Christopher S. Kippes*, and *Christopher M. Menczer*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

GREAVES, *Judge*: The Internal Revenue Service (IRS or respondent) determined a tax deficiency of $10,650 with respect to petitioners Michael and Dawn French's federal income tax for 2020. Petitioners contend that wage and interest payments that Mrs. French received are not income. We decide this issue in respondent's favor. We will also require petitioners to pay a penalty under section 6673(a) of $1,000 to the United States for advancing frivolous positions and maintaining these proceedings primarily for delay.[1]

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                    FINDINGS OF FACT

The following facts are drawn from the pleadings, trial testimony, and documents admitted into evidence at trial, which include the parties' stipulation of facts along with the accompanying exhibits. Petitioners lived in Texas when they filed the petition.

During 2020 Mrs. French worked for Fidelity Workplace Investing, LLC (Fidelity). Fidelity paid Mrs. French $94,307 in 2020 and issued her Form W–2, Wage and Tax Statement, reporting these wages and federal income tax withholdings of $11,476, Social Security tax withholdings of $5,847, and Medicare tax withholdings of $1,367. Mrs. French also received interest payments in 2020. USAA Federal Savings Bank (USAA) paid Mrs. French $45 and $2 of interest in 2020, and issued her two Forms 1099–INT, Interest Income, reporting these payments with no tax withholding. Proshares Ultrashort Euro (Proshares) paid Mrs. French $7 of interest in 2020. Proshares reported on its Schedule K–1, Partner's Share of Income, Deductions, Credits, etc., that it paid Mrs. French $7 of interest. Proshares did not withhold any tax. Defense Finance and Accounting Service, U.S. Military Retired Pay (USMRP), paid Mr. French $21,645[2] from a retirement pension. USMRP issued Mr. French Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting the pension payment and federal income tax withholding of $1,943.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for tax year 2020. Their tax return reported adjusted gross income consisting only of Mr. French's retirement pension from USMRP and $0 taxable income. Petitioners claimed a refund of $23,354, which included all federal income tax, Social Security tax, and Medicare tax withheld by Fidelity, as well as all federal income tax withheld by USMRP.[3] Petitioners also prepared and attached to their tax return Form 4852, Substitute for Form W–2, Wage and Tax Statement, or Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting wages of zero,

---

[2] All dollar amounts are rounded to the nearest dollar.

[3] This refund amount also included the federal income tax, Social Security tax, and Medicare tax withheld from the wages of petitioners' two dependents, who were employed at Panda Express, Inc., Brookshire Grocery Co., and Corner Grub House.

[*3] federal income tax withholdings of $11,477,[4] Social Security tax withholdings of $5,847, and Medicare tax withholdings of $1,367.[5] Petitioners failed to report the compensation received from Fidelity and the interest payments received from USAA and Proshares.

Respondent selected petitioners' 2020 tax return for audit. During the course of the audit petitioners submitted a "corrected" Form 1099–INT reporting $0 interest income from USAA. On October 18, 2023, the IRS issued petitioners a notice of deficiency for tax year 2020, wherein respondent determined a $10,650 deficiency related to the unreported wage and interest income.[6]

Petitioners timely filed a petition with this Court for redetermination. Petitioners claimed respondent erred in its determination of petitioners' wage and interest income for tax year 2020 and further alleged that respondent did not conduct a good faith inquiry before issuing a notice of deficiency. Respondent filed an answer and, as is relevant here, subsequently filed a motion for summary judgment.

The Court held a hearing on October 8, 2024, on respondent's motion for summary judgment. Petitioners argued certain employment activities are exempt from income tax and misconstrued several Supreme Court and Tax Court decisions when attempting to set forth a direct tax versus indirect tax constitutional argument. During the hearing the Court clearly and expressly warned petitioners that their arguments were frivolous and that if they continued to assert these arguments the Court may, at its discretion, impose a penalty under section 6673. The Court denied respondent's motion and continued the case to the February 3, 2025, trial session in Dallas, Texas, to allow petitioners an opportunity to retain counsel. The Court called this case for trial on February 3, 2025, where petitioners without counsel continued to present the same frivolous arguments.

---

[4] In the record this amount varies between $11,476 and $11,477 depending on which exhibit or document is referenced.

[5] Petitioners also attached Form 1099–R to their tax return. Petitioners did not make any corrections to this Form. Mr. French's retirement pension is not in dispute.

[6] The notice of deficiency included an accuracy-related penalty under section 6662(a) of $4,814. Respondent concedes this penalty in its entirety.

**[\*4]**                                        OPINION

I.    *Burden of Proof*

The Commissioner's determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving the determinations are in error.  *See* Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).  This case is presumptively appealable to the U.S. Court of Appeals for the Fifth Circuit absent a contrary stipulation by the parties.  *See* § 7482(b)(1)(A); *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).  For the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish some evidentiary foundation connecting the taxpayer with the income-producing activity or demonstrating that the taxpayer actually received unreported income.  *See Sealy Power, Ltd. v. Commissioner*, 46 F.3d 382, 386 (5th Cir. 1995), *aff'g in part, rev'g and remanding in part* T.C. Memo. 1992-168.  If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance of the evidence that the deficiency determination was arbitrary or erroneous.  *See Portillo v. Commissioner*, 932 F.2d 1128, 1133–34 (5th Cir. 1991), *aff'g in part, rev'g and remanding in part* T.C. Memo. 1990-68.

The Commissioner established the requisite evidentiary foundation to shift the burden of proof to petitioners to show that the deficiency determination was arbitrary or erroneous.  The parties stipulated that in 2020 (1) Mrs. French worked for Fidelity; (2) Mrs. French received the payments reported to the IRS on Form W–2 by Fidelity; and (3) Mrs. French received the interest payments reported to the IRS on Forms 1099–INT and Schedule K–1. These stipulations are supported by the information returns provided by Fidelity, USAA, and Proshares and petitioners' Wage and Income Transcript submitted by respondent.  Petitioners' admissions together with the information returns sufficiently connect petitioners with the income-producing activities and demonstrate that petitioners received earnings of $94,307, $47, and $7 from Fidelity, USAA, and Proshares, respectively, during 2020.

II.    *Unreported Income*

Gross income is broadly defined as "all income from whatever source derived."  *See* § 61(a); *Commissioner v. Glenshaw Glass Co.*, 348

[*5] U.S. 426, 431 (1955).  Gross income includes wages, salaries, and compensation for services.  § 61(a)(1).  It also includes interest. § 61(a)(4).  Petitioners received income in the form of compensation from Fidelity and interest payments from USAA and Proshares.

Petitioners stipulated that Mrs. French worked for Fidelity during tax year 2020 and received payments of $94,307.  They further stipulated that they received payments from USAA and Proshares of $47 and $7, respectively.  These stipulations match the amounts listed on the information returns provided to the IRS by Fidelity, USAA, and Proshares, respectively.  These information returns are attached as exhibits to the parties' stipulation of facts.

Despite petitioners' stipulation that Mrs. French received payment in exchange for her labor, petitioners argue that it is not taxable income.  Petitioners assert a frivolous argument that a tax on payment for labor is a direct tax which requires apportionment, while a tax on compensation for services or wages is an indirect tax.  The Supreme Court has rejected this view. *Moore v. United States*, 144 S. Ct. 1680, 1687–88 (2024) ("[*I*]*ndirect* taxes are the familiar federal taxes imposed on activities or transactions. . . . Taxes on income—including taxes on income from property—are indirect taxes that need not be apportioned."); *see Eisner v. Macomber*, 252 U.S. 189, 207 (1920) (referring to income as "gain derived from capital, from labor, or from both combined" (quoting *Stratton's Indep. Ltd. v. Howbert*, 231 U.S. 399, 415 (1913))).

Petitioners also argue that wage income is taxable only if it is related to certain activities and that respondent does not have personal knowledge of Mrs. French's activities at work.  Respondent need not know exactly what Mrs. French did day to day.  The mere fact that Mrs. French worked for Fidelity and received payment in exchange for her labor is enough to know that the payments are classified as income under our tax laws. *See* § 61(a)(1); *Eisner v. Macomber*, 252 U.S. at 207. Accordingly, we find that the $94,307 Fidelity paid Mrs. French is includible in gross income.

Petitioners also seek redetermination on the interest income. Petitioners stipulated that they received the interest payments from USAA and Proshares.  They dispute the classification of these payments as income.  The law on this topic is clear.  The $47 and $7 interest payments petitioners received from USAA and Proshares, respectively, constitute gross income. *See* § 61(a)(4); *Landers v. Commissioner*, T.C.

[*6] Memo. 2003-300, slip op. at 3 ("As a general rule, interest received by or credited to the taxpayer constitutes gross income and is fully taxable."); Treas. Reg. § 1.61-7(a).

Because petitioners stipulated that they received the payment for labor and interest income, we sustain respondent's determination that those amounts are includible in gross income.

III.    *Frivolous Argument Penalty*

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 whenever it appears that (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies. A taxpayer's position is frivolous or groundless "if it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law." *See Takaba v. Commissioner*, 119 T.C. 285, 294 (2002); *Williams v. Commissioner*, 114 T.C. 136, 144 (2000).

As discussed above, petitioners' main argument put forth at trial is frivolous. Wages, compensation for services, and salaries are income pursuant to section 61(a). Petitioners attempted to create a false distinction between various activities conducted within the scope of employment that generate income. In addition to the baseless arguments petitioners asserted at trial and during the October 2024 motion hearing, petitioners advanced an alternative theory throughout the proceedings that the income tax is an excise tax, and they did not receive income because they were not engaged in any activities which could have been characterized as the enjoyment or exercise of privileges. Income tax is not an excise tax. *Moore*, 144 S. Ct. at 1687 (explaining that indirect taxes include "duties, imposts, and *excise taxes, as well as income taxes*" (emphasis added)).

Given the public policy interest in deterring abuse and waste of judicial resources, the Court is given considerable latitude in determining whether to impose a penalty under section 6673 and in what amount. *Smith v. Commissioner*, T.C. Memo. 2019-111, at *13, *aff'd*, No. 20-70698, 2022 WL 576011 (9th Cir. Feb. 25, 2022); *Leyshon v. Commissioner*, T.C. Memo. 2015-104, at *24, *aff'd*, 649 F. App'x 299 (4th Cir. 2016). As we have found, petitioners' arguments are frivolous and have been consistently rejected by courts. Throughout the pretrial proceedings, petitioners repeatedly asserted these arguments in various

**[\*7]** filings, motions, and hearings despite warnings that they risked a section 6673 penalty. This Court specifically warned petitioners of the possible imposition of a section 6673 penalty at the motion hearing in October 2024 and at the start of the February 2025 trial session. Respondent also put petitioners on notice and cautioned them that their behavior could warrant a penalty imposed by this Court. Nevertheless, they repeated the same frivolous arguments and continued to advance them at trial, wasting the Court's and respondent's time and other resources. As a result, we will require petitioners to pay a section 6673 penalty of $1,000. We warn petitioners that they risk a much more severe penalty if they advance frivolous positions in any future appearance before this Court.

To reflect the foregoing,

*An appropriate order and decision will be entered.*